IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| NATHANIEL JONES, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-174 |
| | ) | (Formerly CR 107-167) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the United States Penitentiary in Atwater, California, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

    **A.    Indictment and Agreement to Plead Guilty**

On December 13, 2007, the grand jury in the Southern District of Georgia returned a twenty-count indictment against Petitioner and five co-defendants. United States v. Jones, CR 107-167, doc. no. 61 (S.D. Ga. Dec. 13, 2007) (hereinafter "CR 107-167"). The indictment named Petitioner in nine counts: (1) conspiracy to use and carry a firearm during a crime of violence, in violation of 18 U.S.C. § 924(o) (Count One); (2) possession of a

stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Five); (3) robbery of a commercial business, in violation of 18 U.S.C. §§ 1951 and 2 (Count Six); (4) using, carrying and discharging a firearm during a crime of violence, robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Seven); (5) distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) (Count Eight); (6) using, carrying and discharging a firearm during a drug trafficking crime, the distribution of marijuana, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count Nine); (7) possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2) (Count Ten); (8) hijacking of a motor vehicle, in violation of 18 U.S.C. § 2119 (Count Twelve); and (9) using, carrying and brandishing a firearm during a crime of violence, hijacking a motor vehicle, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count Thirteen).  The Court appointed attorney John J. Czura under the Criminal Justice Act to represent Petitioner.  Id., doc. no. 58.

On March 12, 2008, Petitioner appeared with counsel and pled guilty to Counts Nine and Thirteen: using, carrying and discharging a firearm during a drug trafficking crime, the distribution of marijuana, in violation of 18 U.S.C. § 924(c)(1)(A)(iii), and using, carrying, and brandishing a firearm during a crime of violence, hijacking a motor vehicle, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  Id., doc. nos. 149, 152, 187.  The indictment and written plea agreement delineated distribution of marijuana and hijacking a motor vehicle as the crimes upon which Counts Nine and Thirteen were predicated.  Id., doc. nos. 61, 149.

In exchange for the guilty pleas, the government agreed to (1) dismiss the remaining counts against Petitioner in the indictment; (2) not to object to a recommendation for a two-point acceptance of responsibility reduction and to move for an additional one-point

reduction under the Sentencing Guidelines; and (3) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or requesting a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 149. For his part, Petitioner admitted the factual basis for his guilty plea. Id.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, pursuant to U.S.S.G. § 2K2.4(b), the Guideline sentence for a first conviction under 18 U.S.C. § 924(c) is the minimum statutory term of imprisonment, which in this case was 120 months (ten years). PSI ¶¶ 34, 58. The sentence for a second conviction under § 924(c) is also the minimum statutory sentence of 300 months (twenty-five years). PSI ¶¶ 34, 58. Because Petitioner pled guilty to two § 924(c) counts, and the sentences must run consecutively, his total imprisonment term set forth in the PSI was 420 months. PSI ¶¶ 34, 58.

Petitioner did not raise any objections to the factual statements in the PSI, but requested the Court consider Petitioner was not in an organized criminal gang. See PSI Add.; CR 107-167, doc. no. 261, Sent. Tr., p. 3. Granting Petitioner the benefit of the government's motion for downward departure under § 5K1.1, United States District Judge Dudley H. Bowen, Jr., sentenced Petitioner on July 16, 2008, to a total term of imprisonment of 360 months: 120 months as to Count Nine and 240 months as to Count Thirteen, to be served consecutively. Sent. Tr., pp. 16-17; CR 107-167, doc. nos. 184, 185, 187. Judgment was entered on July 17, 2008. CR 107-167, doc. no. 187. Petitioner did not appeal.

### C. Post-Conviction Proceedings

On June 26, 2015, the United States Supreme Court decided Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551 (2015). In Johnson, the Supreme Court found the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. Petitioner filed the instant § 2255 motion and supporting memorandum, signed on September 21, 2016, and filed by the Clerk of Court on October 12, 2016. Id., doc. no. 325. In his § 2255 papers, Petitioner seeks to have his two, § 924(c) convictions and sentences vacated. (See generally doc. no. 1.)

Petitioner argues his sentence should be vacated because Johnson renders his "predicate offenses in relation to his § 924(c) count[s] . . . constitutionally infirm." (Doc. no. 1, pp. 4-5.) Petitioner also argues Johnson invalidated, as unconstitutionally vague, the "residual clause" found within 18 U.S.C. § 924(c)(3)(B), in which both his predicate offenses fell. Petitioner also argues his charges for carjacking and distribution of marijuana were dismissed, and post-Johnson, can no longer serve as predicate offenses for his sentence under 18 U.S.C. § 924(c). (See generally, doc. no. 1.)

Respondent argues Petitioner's § 2255 motion should be denied because Petitioner's motion is untimely, and Johnson has no impact on Petitioner's convictions or sentences.[1] (See generally doc. no. 4.) Respondent argues Petitioner's predicate crime in Count Nine, distribution of marijuana, is not a "crime of violence," but qualifies as a "drug trafficking

---

[1] Respondent contends Petitioner's motion is untimely and Petitioner raises several excuses for his delay. However, the Court need not determine whether Petitioner's claim is barred as untimely because Petitioner's claims are meritless, as explained *infra*.

4

crime," and Petitioner's predicate crime in Count Thirteen, carjacking, satisfies § 924(c)'s force clause. See id.

## II. DISCUSSION

### A. Johnson Invalidated the Residual Clause of the ACCA, Not 18 U.S.C. § 924(c)(3)(B).

As stated above, in Johnson, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson, 135 S. Ct. at 2563. The "residual clause" of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. Johnson, 135 S. Ct. at 2563. Thus, after Johnson, an enhancement may still be validly applied based on an offense falling within the "elements clause" of the ACCA, which defines a qualifying predicate "violent felony" as any crime that "has an element the use, attempted use, or threatened use of physical force against the person of another . . . ." Id.; § 924(e)(2)(B).

Distinct from § 924(e)(1) of the ACCA, § 924(c)(1)(A) provides for a separate consecutive sentence if any person uses or carries a firearm during and in relation to a crime of violence or drug trafficking crime, or possesses a firearm in furtherance of such crimes. For the purposes of § 924(c), § 924(c)(3)(A) and (B) define "crime of violence" as an offense that is a felony and:

5

      (A)    has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

      (B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3).  The former clause is commonly referred to as the "use-of-force" clause and the latter clause is known as the § 924(c)(3)(B) residual clause.

    **B.**    **Petitioner's Sentence Was Not Enhanced Under the ACCA, But Even if <u>Johnson</u> Applied to the Residual Clause of § 924(c), Petitioner Is Not Entitled to Relief.**

As explained *supra*, <u>Johnson</u> specifically ruled on the ACCA, not § 924(c)(3)(B). Nevertheless, although the Eleventh Circuit has taken note of the differing language and statutory purpose of the ACCA and § 924(c), <u>see</u> <u>In re Colon</u>, 826 F.3d 1301, 1303-04 & n.2, it considers the issue of whether <u>Johnson</u> applies to § 924(c)'s residual clause an open question.  <u>See</u> <u>In re Hines</u>, 824 F.3d 1334, 1336-37 (11th Cir. 2016); <u>In re Pinder</u>, 824 F.3d 977, 978-79 (11th Cir. 2016).  However, even if <u>Johnson</u> rendered unconstitutional the crime of violence definition in § 924(c)(3)(B), neither of Petitioner's § 924(c) convictions rested on predicates within that definition, and thus Petitioner would still not be entitled to relief.

First, as delineated in Petitioner's indictment and plea agreement, the underlying predicate offense for Petitioner's § 924(c) conviction in Count Nine was the distribution of marijuana. CR 107-167, doc. no. 61, pp. 8, 10; doc. no. 149.  Petitioner admitted his guilt as to Count Nine, and verified the facts, including that he, "did knowingly, use, carry, and discharge a firearm . . . during and in relation to the commission of a drug trafficking crime . . . that is, distribution of marijuana, a Schedule I controlled substance; in violation of 18

6

U.S.C. § 924(c)(1)(A)(iii) . . . ." Id., doc. no. 149, pp. 7-8.

Distribution of marijuana does not qualify as a "crime of violence," and instead qualifies as a "drug trafficking crime," separately defined in § 924(c)(2) as "any felony punishable under the Controlled Substances Act.") Just as Johnson does not implicate drug offenses in the ACCA context, it does not apply to drug trafficking crimes in the § 924(c) context. Lee v. United States, No. CR 114-007, 2016 WL 6246838, at *2 (S.D. Ga. Sept. 27, 2016), report and recommendation adopted, No. CR 114-007, 2016 WL 6272382 (S.D. Ga. Oct. 25, 2016) ("Johnson obviously does not apply where, as here, the petitioner was convicted for a § 924(c) violation involving a drug trafficking crime that does not in any way invoke the residual clause.") (citing In re Pinder, 824 F.3d 977, 979 (11th Cir. 2016)); Arrana-Garcia v. United States, No. CR413-161, 2016 WL 4807720, at *2 (S.D. Ga. Aug. 10, 2016), report and recommendation adopted, No. CR413-161, 2016 WL 4724560 (S.D. Ga. Sept. 8, 2016) ("Johnson . . . does not apply to 'drug trafficking crimes' for purposes of § 924(c).") Thus, even if Johnson invalidated § 924(c)'s residual clause, Johnson has no effect on Petitioner's first § 924(c) conviction because his underlying offense qualifies as a drug trafficking crime.

As for his second § 924(c) conviction in Count Thirteen, Petitioner's predicate offense of hijacking a motor vehicle continues to qualify as a "crime of violence" under the "use-of-force" clause of § 924(c), not the residual clause. Petitioner admitted his guilt to Count Thirteen, verifying facts that he, "aided and abetted by others, did knowingly use, carry, and brandish a firearm, during an in relation to a crime of violence, that is, hijacking a motor vehicle, a violation of Title 18 United States Code, Section 2119, as set forth in Count

7

Twelve . . . in violation of . . . 924(c)(1)(A)(ii) . . . ." CR 107-167, doc. no. 149, pp. 8-9. Helpfully, the Eleventh Circuit has determined that hijacking a motor vehicle, in violation of 18 U.S.C. § 2119, qualifies under the "use-of-force" clause of § 924(c):

> Even assuming that Johnson invalidated § 924(c)'s residual clause, that conclusion would not assist [Petitioner] because the elements of the underlying conviction on which his § 924(c) conviction was based - carjacking, in violation of 18 U.S.C. § 2119 - meet the requirements that the force clause in § 924(c)(3)(A) sets out for a qualifying underlying offense. . . . In short, our precedent holds that carjacking in violation of § 2119 satisfies § 924(c)'s force clause and that ends the discussion.

In re Smith, 829 F.3d 1276, 1280-81 (11th Cir. 2016). (footnote omitted); see also United States v. Moore, 43 F.3d 568, 572-73 (11th Cir. 1994) (concluding crime of violence clearly includes carjacking). Consequently, even if Johnson invalidates § 924(c)'s residual clause, Petitioner is not entitled to relief on his second § 924(c) conviction because his underlying offense of carjacking continues to qualify as a crime of violence under the use-of-force clause in § 924(c)(3)(A).

Finally, to the extent Petitioner argues his § 924(c) convictions are defective because the predicate offenses were dismissed as a result of Petitioner's guilty plea, such argument is meritless. A conviction under § 924(c) does not require a defendant be charged or convicted of the underlying predicate offense. United States v. Frye, 402 F.3d 1123, 1127 (11th Cir. 2005) ("We hold that conviction under section 924(c) does not require that the defendant be convicted of or charged with the predicate offense.").

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED**, this civil action be **CLOSED**, and a final judgment be

**ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 16th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA